J-S63009-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT LEONARD SCOTT | : | |
| | : | |
| Appellant | : | No. 1727 WDA 2017 |

Appeal from the Judgment of Sentence October 26, 2017
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0002570-2016

BEFORE: OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.: FILED FEBRUARY 12, 2019

Robert Leonard Scott appeals from the judgment of sentence imposed October 26, 2017, in the Butler County Court of Common Pleas. The trial court sentenced Scott to a term of three to six years' imprisonment following his conviction for the offense of incest.[1] The court also determined Scott met the criteria for classification as a lifetime Tier III sexual offender pursuant to Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA").[2] On appeal, Scott claims his lifetime sentence of SORNA registration is illegal. For the reasons below, we affirm the judgment of sentence.

_____

* Former Justice specially assigned to the Superior Court.

[1] See 18 Pa.C.S. § 4302(b)(2).

[2] See 42 Pa.C.S. §§ 9799.10-9799.41.

Scott was charged with numerous crimes relating to the sexual assault of his biological daughter in the fall of 2016. On June 23, 2017, he entered into a negotiated guilty plea for one count of incest (second-degree felony), which the trial court accepted. On October 26, 2017, the court sentenced Scott to a term of three to six years' imprisonment, followed by 48 months of probation. On November 15, 2017, the court provided Scott with notice that he was required to register under SORNA as a Tier III sexual offender for his lifetime. This timely appeal followed.[3]

In his sole issue on appeal, Scott claims that in light of the Pennsylvania Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), cert. denied, 138 S. Ct. 925 (U.S. 2018)[4] the trial court imposed an

_____

[3] On November 30, 2017, the trial court ordered Scott to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Scott filed a concise statement on December 11, 2017. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 15, 2018.

[4] On July 17, 2017, the Muniz Court held that SORNA's registration provisions constitute punishment, and, therefore, the retroactive application of those provisions violates the ex post facto clauses of the federal and Pennsylvania constitutions. Thereafter, on October 31, 2017, a panel of this Court, in Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super. 2017), appeal granted, 190 A.3d 581 (Pa. 2018), recognized that "Muniz was a sea change in the longstanding law of this Commonwealth as it determined that the registration requirements under SORNA are not civil in nature but a criminal punishment." Id. at 1215. As such, the panel concluded the statutory mechanism for designating a defendant as an SVP set forth in 42 Pa.C.S. § 9799.24(e)(3), which permits a trial court to make the determination based upon clear and convincing evidence, was "constitutionally flawed" pursuant to the United States Supreme Court's decisions in Alleyne v. United States, 570 U.S. 99 (2013), and Apprendi v. New Jersey, 530 U.S. 466 (2000).

illegal sentence because his "Tier III lifetime registration requirement pursuant to SORNA exceeds his statutory maximum sentence." Scott's Brief at 13.[5]

_____

Accordingly, the Butler panel held: "[T]rial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism." Butler, supra, 173 A.3d at 1218. Therefore, the panel vacated the order designating the defendant as an SVP, and remanded the case to the trial court to determine his proper registration period pursuant to 42 Pa.C.S. §§ 9799.14 and 9799.15. See id.

We note the Pennsylvania Supreme Court granted allowance of appeal in Butler on the issue that this Court "erred in vacating the trial court's Order finding [Respondent] to be [a Sexually Violent Predator ("SVP")] by extrapolating the decision in [Commonwealth v. Muniz, 640 Pa. 699, 164 A.3d 1189 (2017),] to declare SVP hearings and designations unconstitutional under 42 Pa.C.S. § 9799.24(e)(3)." Commonwealth v. Butler, 190 A.3d 581, 582 (Pa. 2018). However, that specific issue is of no concern in the present matter because Scott was not determined to be an SVP.

[5] Rather than addressing Scott's argument, the Commonwealth contends:

> The changes made to SORNA's registration requirements under Act [2018-]29 ("the Act") have rendered its requirements non-punitive. The General Assembly passed the Act in response to the Pennsylvania Supreme Court's decision in [Muniz, supra], which held that SORNA's registration requirements constitute punishment, and the Superior Court's decision in [Butler, supra]. The General Assembly declared it was their intention to address these decisions and to establish a non-punitive statutory scheme. See 42 Pa.C.S.A. § 9799.1(b).

Commonwealth's Brief at 4 (footnote). As such, the Commonwealth maintains Act 29 transformed SORNA from criminal to non-punitive in legal effect, and therefore, the registration requirements are, again, a "collateral consequence" of the underlying crime. Id. at 12. Based on our foregoing analysis, we need not address the Commonwealth's argument to dispose of this appeal.

However, a panel of this Court recently rejected the precise argument Scott currently advances in Commonwealth v. Strafford, 194 A.3d 168 (Pa. Super. 2018),[6] which held that SORNA's registration requirements are not governed by the statutory maximum sentences as set forth in the Chapter 11 of the Pennsylvania Crimes Code; rather, the panel determined the two punishments are separate and distinct. Id. at 172-173. Specifically, the panel explained:

> [T]he General Assembly "has the exclusive power to pronounce which acts are crimes, to define crimes, and to fix the punishment for all crimes. The legislature also has the sole power to classify crimes[.]" Commonwealth v. Eisenberg, 626 Pa. 512, 98 A.3d 1268, 1283 (2014) (citation and quotation omitted).
>
> Our General Assembly has authorized courts to impose specific punishments when fashioning a sentence, and specified maximum terms and amounts of those punishments. These categories of punishment include (1) partial or total confinement, (2) probation, (3) state or county intermediate punishment, (4) a determination of guilt without further penalty, and (5) a fine. 42 Pa.C.S. § 9721.
>
> With respect to the punishment of incarceration, 18 Pa.C.S. § 1103 governs the maximum authorized sentence of imprisonment for felony convictions. By a separate statute, these maximum allowable terms also apply to probationary sentences, a different category of punishment authorized by the General Assembly. In 42 Pa.C.S. § 9754(a), the legislature directed that "[i]n imposing an order of probation, the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision." Id. (emphasis added). Thus, the

_____

[6] "[T]he general rule in Pennsylvania is to apply the law in effect at the time of the appellate decision." Commonwealth v. Housman, 986 A.2d 822, 840 (Pa. 2009), cert. denied, 562 U.S. 881 (2010).

legislature explicitly connected the authorized punishments of incarceration and probation by statute.

However, most sentencing alternatives are not tied to the maximum authorized term of incarceration. For example, the legislature has authorized courts to include in sentences the requirement that a defendant pay a fine or restitution. These categories of punishment are not limited by the maximum period of incarceration; rather, the legislature set different maximum authorized amounts of punishment a court may impose as part of its sentence. See, e.g., 18 Pa.C.S. § 1101 (defining maximum fines); 18 Pa.C.S. § 1106 (providing statutory scheme for restitution for injuries to person or property).

In SORNA, the legislature authorized courts to include periods of registration as part of a sentence. Similar to the treatment of the payment of fines or restitution, the legislature did not tie the period of registration to the length of incarceration. See 42 Pa.C.S. § 9799.14 ("Sexual offenses and tier system"); 42 Pa.C.S. § 9799.15 ("Period of registration"). SORNA's registration provisions are not constrained by [18 Pa.C.S.A. §] 1103. Rather, SORNA's registration requirements are an authorized, punitive measure separate and apart from Appellant's term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.

Accordingly, we conclude that Appellant's lifetime registration requirement authorized by SORNA does not constitute an illegal sentence. Appellant is not entitled to relief.

Strafford, 194 A.3d at 172-173. See also Commonwealth v. Bricker,__ A.3d __, 2018 Pa. Super. LEXIS 1133, 2018 WL 5093265 [623 EDA 2018] (Pa. Super. Oct. 19, 2018) (accord).[7]

Because we find Strafford, supra, binding authority in the present matter, we conclude Scott's lifetime registration requirement authorized by SORNA does not constitute an illegal sentence.[8] Accordingly, Scott is not entitled to any relief.

Judgment of sentence affirmed.

_____

[7] Scott notes that on January 3, 2018, the Pennsylvania Supreme Court granted allowance of appeal on issues similar to the one he raised:

> 1. Is it unconstitutional to require [Petitioner] to register for a lifetime when said registration requirement exceeds the statutory maximum penalty for [Petitioner's] offense?
>
> 2. Is the Adam Walsh Statute unconstitutional in requiring the [Petitioner] to register for a lifetime?

Commonwealth v. Brooks, 177 A.3d 822, 822-823 (Pa. 2018). At this time, however, the Strafford decision is controlling.

[8] In its Rule 1925(a) opinion, the trial court requested that we remand the matter to afford Scott the opportunity to argue Muniz. See Trial Court Opinion, 2/15/2018. However, we decline to do so as "[t]his Court is not bound by the rationale of the trial court, and we may affirm the trial court on any basis." Commonwealth v. Williams, 73 A.3d 609, 617 n.4 (Pa. Super. 2013) (citation omitted), appeal denied, 87 A.3d 320 (Pa. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>2/12/2019</u>